UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SKYY ALEXANDER CRAWFORD PORTER, | CASE NO. 1:20 CV 02079 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| KILOLO KIJAKAZI, *Acting Comm'r of Soc. Sec.*, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Defendant. | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz. (ECF #16). On September 15, 2020 Plaintiff ("Mr. Crawford") filed his Complaint (ECF #1) challenging the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381. Pursuant to Local Rule 72.2(b), the case was referred to Magistrate Judge David A. Ruiz for a Report and Recommendation.

A hearing regarding Mr. Crawford's application for SSI was conducted on July 25, 2019 by an Administrative Law Judge ("ALJ"). Mr. Crawford turned 18 years old in 2017 and alleged at his hearing a disability onset date of 2011, when he was a minor child. His application for SSI alleged disability for both his childhood and adulthood. On August 7, 2019, the ALJ found that Mr. Crawford was not disabled. The ALJ determined that although Mr. Crawford had a number of severe impairments such as vertigo and headaches, non-epileptic events, and anxiety and mood disorders, he did not have an impairment or combination of impairments as a child or as an

1

adult that met, or medically or functionally equaled, one of the requisite impairments. As such, after examining the record, the ALJ determined that Mr. Crawford had residual functional capacity ("RFC") to perform light work.

In challenging the Commissioner's final decision to affirm the ALJ's findings, Mr. Crawford argued that the ALJ erred in determining that he had the RFC to perform light work. (ECF #13). To support this argument, Mr. Crawford argued that the ALJ did not offer valid reasons for ignoring certain evidence, improperly rejected findings and opinions of examining sources, and did not account for sustainability in the analysis. (ECF #13). Magistrate Judge David Ruiz issued a Report and Recommendation on February 7, 2022, addressing these arguments in turn. (ECF # 16). He recommended that the Commissioner's final decision denying Mr. Crawford's application for disability benefits be AFFIRMED.

Firstly, Mr. Crawford's brief did not develop a specific argument to support these claims regarding the ALJ's assessment of his childhood limitations. Magistrate Judge Ruiz found Mr. Crawford's perfunctory claims pertaining to his childhood to be waived, as the court cannot fashion an argument for a party. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (finding that issues unaccompanied by developed arguments are deemed waived).

Mr. Crawford then argued that the ALJ erred in failing to consider the findings of Nurse Adamo, Dr. Ellington, Dr. Cherion, Jason Culp, and counselor Richardson. Mr. Crawford contended that these findings, detailing the symptoms of mental and cognitive difficulties, demonstrate a greater disability than the ALJ accounted for in their finding of RFC. Magistrate Judge Ruiz found that although the ALJ did not specifically cite to each of those reports, the ALJ sufficiently considered all this evidence through documents containing the same or similar observations, as well as medical records and treatment reports, including information about Mr.

2

Crawford's mood swings, difficulty concentrating, and alleged seizures. (ECF #16). Further, an ALJ is not required to explicitly discuss every piece of evidence. *See, e.g.*, *Thacker v. Comm'r*, 99 Fed. Appx. 661, 664 (6th Cir. 2004); *Simons v. Barnhart*, 114 Fed. Appx. 727, 733 (6th Cir. 2004).

Mr. Crawford also argued that the ALJ did not provide good reasons for assigning limited weight to the opinions of counselor Richardson, Dr. Rothner, Dr. Simon, and Dr. Koricke, who examined and treated Mr. Crawford. Mr. Crawford contends that a finding of RFC is thus not supported by substantial evidence without a fuller evaluation of these opinions. Magistrate Judge Ruiz found that counselor Richardson and Dr. Rothner's statements do not qualify as medical opinions because they merely reiterate Mr. Crawford's subjective complaints and self-reporting of symptoms, and fail to indicate a prognosis or what Mr. Crawford could do despite his impairments. As such, they are not entitled to the full weight and credibility of medical opinions. *See Francis v. Comm'r Soc. Sec.*, 414 Fed. App'x 802, 804 (6th Cir. 2011); 20 C.F.R. §416.927(a)(1). Magistrate Judge Ruiz also found that the ALJ provided sufficiently specific reasons for rejecting the opinions of Dr. Simon. An ALJ is permitted to reject the opinion of a treating source if they find that it is inconsistent with other substantial evidence and not well-supported, so long as the ALJ makes clear the reasons for doing so. *Wilson v. Comm'r Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Here, the ALJ satisfied this standard through discussing Dr. Simon's observations and consultative examinations regarding Mr. Crawford's education records, medication use, and functioning capabilities, as well as highlighting specific medical records that were inconsistent with Dr. Simon's opinions. Finally, Magistrate Judge Ruiz found that the ALJ did give considerable weight to Dr. Koricke's opinions regarding Mr. Crawford's

3

ability to answer questions, sustain attention, and his interactions in school and that the ALJ's reasoning is explicitly apparent in the record.

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation, the district court reviews the case de novo. This standard of review is provided by Fed R. Civ. P. 72(b)(3). It states, in pertinent part, that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that is properly objected to. The district judge may accept, reject, or modify the recommended disposition. . . ." Mr. Crawford timely filed objections in this matter. (ECF #18). Accordingly, this Court will review the Report and Recommendation de novo.

Mr. Crawford's objections reiterate the same arguments made in his Complaint against the ALJ's findings and are each sufficiently addressed by Magistrate Judge Ruiz's Report and Recommendation. Mr. Crawford objects on the grounds that the ALJ's decision was not supported by substantial evidence and that the ALJ failed to assign considerable weight to all evidence. For the reasons addressed above, Magistrate Judge Ruiz correctly found that the ALJ appropriately weighed all evidence. Magistrate Judge Ruiz also correctly asserted that the Court cannot reweigh this evidence on appeal, but rather must ascertain whether the decision is supported by substantial evidence. *Haun v. Comm'r Soc. Sec.*, 107 Fed. App'x 462, 465 (6th Cir. 2004). As to this argument, Magistrate Judge Ruiz noted that the ALJ considered: (1) the objective mental examinations of Ms. Clark, Dr. Zhu, and Dr. Simon that described Mr. Crawford as having signs of depression but otherwise alert and cooperative with normal concentration and attention, (2) the subjective statements Mr. Crawford made to his doctors regarding perceived symptoms, (3) the accommodations he received in college, (4) the

4

medication taken by Mr. Crawford in association with vertigo and non-epileptic seizures, and; (5) the testimony of expert Dr. Martinez who testified that Mr. Crawford's mental limitations did not exceed moderate. Magistrate Judge Ruiz correctly found this to constitute substantial evidence for the ALJ's determination of a less restrictive RFC.

The Court has carefully reviewed the Report and Recommendation, Mr. Crawford's objections, and the Defendant's response. Magistrate Judge Ruiz has correctly addressed objections raised by Mr. Crawford. As such, Mr. Crawford's objections are OVERRULED. Magistrate Judge Ruiz correctly determined that the ALJ's finding of residual functional capacity was supported by substantial evidence and that the ALJ considered all the medical evidence presented. Accordingly, the Report and Recommendation of Magistrate Judge David A. Ruiz (ECF #16) is ADOPTED. The final decision of the Commissioner is AFFIRMED, and judgment is entered in favor of Defendant.

IT IS SO ORDERED.

DONALD C. NUGENT
Senior United States District Judge

DATED: April 6, 2022